# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GEORGE ROGERS,                                    CASE NO. 1:10-cv-01638  GSA PC

                Plaintiff,                ORDER DISMISSING COMPLAINT, WITH
                                                  LEAVE TO FILE AMENDED COMPLAINT
    v.                                           WITHIN THIRTY DAYS

DR. HENDRIX, et al.,                              (ECF No. 1)

               Defendants.
_____/

## Screening Order

### I.  **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi, brings this civil rights action against the following correctional officials employed by the CDCR at CCI: Doctor Hendrix; Doctor Affra; Medical Staff. Plaintiff claims that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

Though unclear from the complaint, it appears that  Dr. Hendrix and Dr. Affra placed Plaintiff on a light duty chrono, prohibiting Plaintiff from lifting, pushing or pulling anything over five pounds.  Plaintiff had undergone elbow surgery and had a limited range of mobility.  Plaintiff informed Correctional Officer (C/O) Michaels and C/O Allan, the floor officers in Plaintiff's dormitory, of the chrono.  Plaintiff alleges that he was "still forced to perform duty for half time eligibility credit."  Plaintiff alleges that he suffered permanent back injury as a result.  Plaintiff alleges that C/Os Michaels and Allan "did not honor light duty chrono and were not responsible concerning this issue at hand."

Plaintiff alleges that medical staff in general acted "in an unprofessional manner and not adhering to proper medical needs."  Plaintiff alleges that he was "not taken off work assignment and made to work when he should have been laid in."  Plaintiff  appears to allege that Dr. Affra and Dr. Hendrix should have put Plaintiff on lay-in status instead of light duty status.

1      **A.     Civil Rights Act**

2           To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

3      color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

4      law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives

5      another of a constitutional right, where that person 'does an affirmative act, participates in another's

6      affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

7      the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

8      (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection

9      can be established not only by some kind of direct, personal participation in the deprivation, but also

10     by setting in motion a series of acts by others which the actor knows or reasonably should know

11     would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

12     **B.     Eighth Amendment Medical Care Claim**

13          "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

14     must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

15     (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

16     test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

17     demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

18     the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

19     deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

20     (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

21     Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

22     purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

23     by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

24     in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

25     make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely

26     v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

27          The Court finds that the allegations in the complaint fail to clearly articulate a claim for

28     relief.  Plaintiff alleges conduct as to medical staff in general, but fails to specifically link each

3

individual defendant with actionable conduct.[1] Plaintiff clearly alleges that he suffers from a serious medical condition, but fails to indicate how each defendant acted with deliberate indifference to that condition. Plaintiff cannot simply identify his condition, list the individual defendants, and conclude that they were deliberately indifferent to that condition.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his  own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Further, Plaintiff appears to contend that the medical decisions of Dr. Affra and Dr. Hendrix constituted deliberate indifference. Plaintiff is advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000);  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Plaintiff must allege facts indicating that the conduct of Dr. Affra and Dr. Hendrix constituted deliberate indifference.  That Plaintiff may disagree with the course of his treatment does not constitute deliberate indifference. Plaintiff must allege facts to support his conclusion that Dr. Affra and Dr. Hendrix knew of and disregarded a serious medical condition of Plaintiff's.  Plaintiff has failed to do so here, and the complaint must therefore be dismissed.  Plaintiff will, however, be granted one opportunity to file an amended complaint.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA.  The Court will provide Plaintiff with **one** opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may

---

[1] Plaintiff does not name C/O Michaels or C/O Allan as defendants, but refers to them in the complaint.  If Plaintiff intends to proceed against these individuals, he should clearly identify them as defendants in the appropriate section of the form complaint the Court will provide to Plaintiff.

not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 20, 2011**            **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE