# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ROGERS, | 1:10-cv-01638-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 11.) |
| v. | |
| DR. HENDRIX, et al., | |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

## I. RELEVANT PROCEDURAL HISTORY

George Rogers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2010. (Doc. 1.) On September 30, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On September 20, 2011, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On October 29, 2011, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 11.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution in Tehachapi, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Correctional Officer ("C/O") Michaels, C/O Allan, Dr. Affra, Dr. Hendrix, Doe #1-Medical Staff, and Doe #2-Staff Sergeant ("Defendants").

Plaintiff alleges as follows in the First Amended Complaint.

On August 29, 2008, Plaintiff was issued a light-duty chrono due to elbow pain caused by a bony protuberance on his left elbow. Plaintiff was to have surgery on March 16, 2009 to excise the protuberance. From August 28, 2008 through March 16, 2009, Plaintiff took NSAID (Nonsteroidal Anti-inflammatory Drugs) medications. During this time, Plaintiff was forced to work in order to receive half-time credits. Plaintiff informed his dorm officers, defendants C/O Michaels and C/O Allan, of his condition and the existence of the light-duty chrono.

In February 2009, defendants C/O Michaels and C/O Allan demanded that Plaintiff perform heavy-duty cleaning tasks, despite Plaintiff's continuous reminders that he was in pain and was under restrictions imposed by the light-duty chrono. Both defendants demanded that Plaintiff perform the duties assigned to him as a porter, regardless of his medical chrono, stating, "If you were not supposed to be working, you would be medically unassigned." Amended Complaint, Doc. 11 at 4 ¶6. Plaintiff attempted to sweep and mop the floors as instructed. Plaintiff swept the floor without much pain and then attempted to fill the mop bucket with water, at which point he felt a sharp and tremendous pain in his lower back. Plaintiff was unable to lift the bucket or stand up straight.

Plaintiff went for medical attention and was ignored and accused of malingering to avoid working by Does #1 and #2. Plaintiff's back pain was severe and continuous. Plaintiff was later seen by a doctor who ordered tests and was diagnosed with a herniated disk, after which surgery was performed to fuse the vertebrae together.

Before the surgery, Plaintiff was suffering from pain and anguish and was ignored by medical staff as a malingerer. Defendants Dr. Affra and Dr. Hendrix accused Plaintiff of faking the injury and refused to issue any type of chrono or assign him to the medically-unassigned category. During this time, Plaintiff was required to work and perform tasks that exacerbated his pain and suffering. No incident report was filed by any defendant regarding the injury to Plaintiff's spine.

Once the injury was proven to be real, the staff did prescribe pain medication and no-work chronos. Plaintiff currently suffers from lack of mobility.

Plaintiff requests monetary damages and lifetime medical care for his back injury as relief.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

3

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Medical Care Claim

Plaintiff alleges that Defendants failed to provide him with adequate medical care, in violation of the Eighth Amendment, when they forced him to perform heavy-duty cleaning tasks despite his light-duty chrono for elbow pain, and delayed his medical treatment for back pain, accusing him of faking an injury.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the

official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff has sufficiently shown a serious medical need, based on allegations that he suffered from pain and a bony protuberance on his elbow, and severe back pain. However, Plaintiff fails to make factual allegations demonstrating that any of the Defendants consciously disregarded an excessive risk to his health or safety. With regard to Plaintiff's elbow condition, Plaintiff does not allege any significant injury for being forced to work. In fact, Plaintiff states that he "swept the floor without much pain." ACP at 4 ¶7. With regard to Plaintiff's back injury, Plaintiff has not alleged facts demonstrating that any Defendant knew his back had been injured or that he was suffering pain. Under the facts alleged, it appears that all Defendants initially believed that Plaintiff was faking an injury to avoid doing his work. Moreover, although Plaintiff alleges he currently suffers from a lack of mobility, he has not alleged that any lingering effects resulted from the delay in his medical care.

Because Plaintiff alleges no facts showing that any Defendant was aware of a substantial risk of serious harm to Plaintiff and acted in conscious disregard of the risk, causing injury, he fails to state a cognizable Eighth Amendment medical claim against any of the Defendants. Therefore, this claim shall be dismissed.

## V. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a cognizable claim under § 1983. Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2011**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE